[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 03, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11339
Non-Argument Calendar

_____

D. C. Docket No. 05-00214-CV-RLV-4

DOUGLAS BURLEY,

Plaintiff-Appellant,

versus

WARDEN STEVE UPTON,
MARK ABUSAFT,
TAMMY THOMPSON,
JANE DOE SIMPSON,
DONNA SIMPSON,

Defendants-Appellees,

CHARLES THOMPSON,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 3, 2007)**

Before ANDERSON, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Douglas Burley, an inmate in the Georgia prison system, appeals the district court's grant of summary judgment for the defendants—the warden, two prison guards, and a counselor—in this section 1983 claim. The district court held that Burley's suit was barred because he did not exhaust his administrative remedies and, in the alternative, that Burley's claim failed on the merits. Because the record is unclear, we do not address the issue of whether he exhausted his administrative remedies. Instead, we address the merits of his claim. We affirm the district court's grant of summary judgment.

## I. BACKGROUND

Douglas Burley is a pro se prisoner serving a sentence in Hays State Prison in Georgia. He alleged that on September 13, 2004 Officer Thompson told him that he would be transferred from a bottom bunk to a top bunk in his cell because the prison needed to transfer another inmate to Burley's bottom bunk. Burley had a "medical profile" card requiring a bottom bunk and he showed this card to Officer Thompson. Officer Thompson informed Burley that she had to move him anyway. Burley then spoke to Counselor Abusaft about the transfer and Abusaft told Burley that due to a transfer of other inmates, Burley would get a bottom bunk

2

the following day.  Burley also wrote a letter to Warden Upton complaining of the transfer to a top bunk.  On September 15th, Burley visited Warden Upton and the warden told Burley that he would be transferred back to a bottom bunk.

On September 17th, however, Burley remained in a top bunk.  He went to the Warden to inquire about the transfer but Officer Simpson told Burley that the warden knew of the situation and that there was no need for the two of them to talk.

Later that afternoon, Officer McCurry told Burley that he would be switching beds with another inmate when that inmate was back from his detail, but when Burley asked Officer McCurry if he could transfer beds, Officer McCurry told Burley that he needed a "move slip" from Officer Simpson authorizing the transfer first.  Burley alleges, however, that the transfer did not happen for another day and that on September 18th he fell while climbing down from his top bunk, injuring his head, and worsening the pain he had felt for years in his lower back.

Burley saw medical personnel.  The nurse noted that the lower back was tender to the touch; however, she observed no swelling, no deformity, no heat, no crepitus with movement, and no discoloration.  She also noted full range of movement, normal vital signs, and the ability to flex the neck to the chest.  The doctor prescribed Motrin and returned Burley to his cell.

3

Before filing this suit, Burley filed an informal grievance with the department of corrections. The appellees do not dispute that the grievance was received on September 28th. The Georgia Department of Corrections' requirement at the time was that an informal grievance needed to be filed within 10 days of the occurrence. Despite the grievance's timeliness, the Department of Corrections denied it and stated that it was untimely. In response, Burley wrote letters disputing the denial. Although in one letter, he indicated that he wanted a formal grievance procedure to begin, he did not actually file the formal grievance. In one letter, Burley also referenced an unrelated formal grievance that was pending at the time, and the record shows that he had on at least two prior occasions filed formal grievances. The record is not clear, however, as to whether Burley had access to the formal grievance form or whether he was somehow prohibited from filing the form. The record is also unclear as to what other steps Burley needed to follow to satisfy the requirement that he exhaust his administrative remedies before filing suit.

## II.  STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004). Summary

judgment is appropriate when "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This court reviews a district court's grant of summary judgment on a section 1983 claim de novo. Patrick v. Floyd, 201 F.3d 1313, 1315 (11th Cir. 2000).

### III. DISCUSSION

Because the record is unclear as to whether Burley exhausted his administrative remedies, we will not address that issue. Instead, we examine the district court's grant of summary judgment on the merits. To prevail on a section 1983 claim, the plaintiff must show a deprivation of a federal right. 42 U.S.C. § 1983 (2006). The Supreme Court has held that deliberate indifference to a prisoner's medical needs can constitute a violation of the Eighth Amendment prohibition against cruel and unusual punishment—a federal right. Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct 285 (1976). Deliberate indifference contains both an objective and subjective component. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The plaintiff must first establish an "objectively serious medical need." Id. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citation and quotation

marks omitted). Further, the "medical need must be one that, if left unattended, poses a substantial risk of serious harm." Id. (citation and quotation marks omitted).

Once a serious medical need is shown, the plaintiff must satisfy the subjective element—establishing that the prison official acted with deliberate indifference to that need. An official acts with deliberate indifference when that official knows that an inmate is in serious need of medical care but fails or refuses to obtain proper treatment. Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997). To prove deliberate indifference, a plaintiff must show "(1) subjective knowledge of a risk of serious harm [and] (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow, 320 F.3d at 1245. Inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference.

In this case, Burley offered no evidence to suggest that he had a "serious medical need" that, if left unattended, would pose a serious risk of medical harm. He never explicitly stated why he had a medical profile for a lower bunk. He, therefore, failed to meet his burden of proof. The district court inferred, however, that Burley had the medical profile because of his history of lower back pain. Even if that was the case, lower back pain is not the type of serious condition this circuit

6

requires. In the past, this court has held, for example, that a patient with asthma who has continual breathing problems with intermittent wheezing, coughing, and hyperventilating had a "serious medical need." Adams v. Poag, 61 F.3d 1537, 1539-41, 1543 (11th Cir. 1995). We have also held that an inmate who had a one-and-a-half inch cut over his eye bleeding for two and a half hours had a "serious medical need." Aldridge v. Montgomery, 753 F.2d 970, 972-73 (11th Cir. 1985). Burley had a medical need. But unlike these two examples, it was not so serious that "if left unattended, [it] pose[d] a substantial risk of serious harm."

Further, even if Burley did have a "serious medical need," he failed to show that officials were anything more than negligent by keeping him in a top bunk for five days. He presented no evidence that the officials knew that he needed a bottom bunk but intentionally kept him in a top bunk. The evidence submitted by the defendants suggest Burley's temporary placement in a top bunk was the result of bureaucratic misunderstandings, not deliberate indifference. Burley did not counter this evidence with anything from which we could infer that the cause of his being placed in a top bunk was anything but a mistake.

## IV. CONCLUSION

For these reasons, we **AFFIRM**.

7