**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3161
_____

SHANNON BOWMAN,
                                        Appellant

v.

SENIOR CORRECTIONAL OFFICER MAZUR;
DR. DANIEL LEONARD, Clinical Director;
WARDEN J. YOST

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 08-cv-00173 )
District Judge:  Honorable Kim R. Gibson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 9, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  July 6, 2011)

_____

OPINION
_____

PER CURIAM

Pro se appellant, Shannon Bowman, appeals from the order of the United States

District Court for the Western District of Pennsylvania entering judgment in favor of

appellees and dismissing his complaint.  For the reasons that follow, we will affirm the District Court's judgment.

## I.

Since the facts underlying the instant appeal are well-known to the parties, only a summary is provided here.  In August 2008, Bowman, a prisoner currently housed at USP-Terre Haute, submitted a complaint in the United States District Court raising a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  Bowman, who is a diabetic, apparently experienced a hypoglycemic event (e.g., shaking in bed) on January 2, 2007, while housed in the Segregated Housing Unit ("SHU") at FCI-Loretto.  Corrections Officer Mazur brought food to Bowman's cell to address his low blood sugar.  Unfortunately, Bowman fell while getting off of the top bunk to get the food and injured himself.  Bowman alleges that Officer Mazur, Dr. Daniel Leonard, the Clinical Director at FCI-Loretto, and Warden J. Yost (collectively referred to as the "BOP Appellees") ignored the fact that he was medically entitled to a bottom bunk, and thus violated his Eighth Amendment right by their deliberate indifference in assigning him to a top bunk when he was placed in the SHU on December 21, 2006.  Bowman claims that he suffered a "severe back injury" as a result of the fall, and sought in excess of $2,000,000 in compensatory and punitive damages.

After the close of discovery, the BOP Appellees filed a motion for summary judgment together with a brief and concise statement of material facts in support.  After having been granted an extension of time, Bowman filed his response and opposition.

The Magistrate Judge to whom the complaint was referred thereafter issued a Report and Recommendation that the BOP Appellees' motion for summary judgment be granted. The Magistrate Judge initially concluded that summary judgment in favor of the BOP Appellees was warranted on account of Bowman's failure to dispute their statement of material facts. Despite having provided Bowman a directive regarding his need to comply with Local Rule 56.1.C.1 and comprehensive instructions on how to go about fulfilling that obligation, Bowman nonetheless failed to cite to specific portions of the record in support of his responsive concise statement of fact. The Magistrate Judge thus concluded that Bowman failed to create a genuine issue of material fact with respect to the BOP Appellees' record evidence that they lacked the deliberate indifference mindset required by Farmer v. Brennan, 511 U.S. 825, 837 (1994), to make out an Eighth Amendment claim.

The Magistrate Judge further determined that, even accepting Bowman's statement of material facts and denials as true, the BOP Appellees were nonetheless entitled to summary judgment. The Magistrate Judge concluded that there was no evidence in the record to establish the subjective prong of an Eighth Amendment claim given Bowman's failure to show that defendants knew he had a "lower bunk restriction" and/or believed that such a restriction was medically necessary.

Over Bowman's objections, the District Court adopted the Report and Recommendation. The District Court rejected Bowman's excuse that a lack of understanding of the court's local rules resulted in his deficient response to the BOP

3

Appellees' concise statement of material facts. The court thus found no unfairness in the Magistrate Judge's recommendation that summary judgment be granted in favor of the BOP Appellees based on Bowman's failure to comply with Local Rule 56.C., nor did the court find any error in the Magistrate Judge's alternative merits analysis. Accordingly, it adopted the Report and Recommendation as the opinion of the court, and granted summary judgment in favor of the BOP Appellees. This timely appeal followed.

**II.**

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's grant of summary judgment is plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of material fact is one that could change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

After a careful review of the record and the parties' briefs on appeal, we discern no error in the District Court's grant of summary judgment in favor of the BOP Appellees. As noted previously, because Bowman failed to file a proper response to the BOP Appellees' statement of material facts in accordance with the District Court's Local Rule of Court 56.C, the District Court deemed Appellees' statement of material facts to be admitted pursuant to its Local Rule of Court 56.E. We have recognized that such a

4

local rule is permissible so long as the District Court also conducts a merits review and renders a finding that judgment for the moving party is "appropriate" in accordance with Federal Rule of Civil Procedure 56.  See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).  Because the District Court conducted a merits analysis and Bowman has not challenged this aspect of the District Court's decision, we will not disturb its decision to deem the BOP Appellees' statement of material facts as undisputed.[1]

This determination is actually of little import in the instant case, however, as we agree with the District Court's conclusion that, even accepting Bowman's responsive statements and denials themselves as true, the record in this case is woefully deficient of any evidence indicating that the BOP Appellees acted with deliberate indifference in assigning him to a top bunk in the RHU.  The principles for establishing a prisoner's Eighth Amendment claim were established by the Supreme Court in Estelle v. Gamble, 429 U.S. 97 (1976), and Farmer v. Brennan, 511 U.S. 825 (1994), and require a prisoner

---

[1]    Even affording Bowman's filings a liberal construction, we conclude that any such challenge has been waived insofar as it has not been so much as mentioned in his pro se informal opening brief.  An appellant is "required to set forth the issues raised on appeal and to present an argument in support of those issues in [his] opening brief." Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see Fed. R. App. P. 28(a)(5), (9).  "It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal." United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).  The instant appeal presents no circumstances which counsel against application of that rule.  See, e.g., Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." (internal citations omitted)).

to allege a sufficiently serious medical need – the objective component – and deliberate indifference by prison officials in response to that need – the subjective component.

The BOP Appellees do not dispute that Bowman's insulin-dependent diabetic condition amounts to a serious medical need within the meaning of the Eighth Amendment, see Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003), and Bowman has been receiving care for that condition during his period of incarceration. The BOP Appellees also do not dispute that a "lower bunk" pass, which had been issued back in September 2002 in response to Bowman's complaints of frequent night-time urination, was eventually located in Bowman's medical file during the administrative appeal process that subsequently took place. The record is, however, deficient of evidence demonstrating that the BOP Appellees were deliberately indifferent to a medical need associated with Bowman's diabetic condition when they failed to assign him to a lower bunk upon his transfer to the SHU more than four years after the issuance of that lower bunk restriction.

In addition to Dr. Leonard's understanding that there is no medical policy requiring diabetics to have a bottom bunk assignment and no awareness on his part that Bowman's diabetic condition made a bottom bunk a medical necessity at the time of the January 2007 incident, see Appellees' Supp. App. at 73, 85, 100, the BOP Appellees stated that Bowman's file had been searched upon his request for a lower bunk assignment and no such pass was found. See Supp. App. at 121. Even if Dr. Leonard was negligent in failing to see the possibility that Bowman's condition carried with it the

6

need for a bottom bunk assignment in 2006-2007, "[i]t is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Additionally, we cannot say that Appellees Mazur and Yost were deliberately indifferent to Bowman's need for a bottom bunk restriction as a result of, perhaps, their mere negligence in searching his prison file, especially where his treating physician was of the opinion that no such restriction was medically necessary. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, the grant of summary judgment was appropriate.

**III.**

Based on the foregoing, we will affirm the District Court's judgment.[2]

---

[2] Bowman's motion to amend the complaint is denied.