16-1250-cv
Moore v. Kwan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand seventeen.**

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge*,
>ROSEMARY S. POOLER,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

Taurice Moore,

>*Plaintiff-Appellant*,

>v.                                                                                  16-1250

PA Kwan, In her official and individual capacity, Sergeant Romaine, In his official and individual capacity, Correctional Officer Tamika Hill, In her individual and official capacity, Medical Director Genovese, In her official and individual capacity, Correctional Officer Cajigas, In his individual and official capacity,

>*Defendants-Appellees*.[1]

_____

_____

[1] The Clerk of Court is instructed to amend the caption to the above.

FOR PLAINTIFF-APPELLANT:        Taurice Moore, pro se, Ossining, NY.

FOR DEFENDANTS-APPELLEES:       David Lawrence III, Assistant Solicitor General, New York State Office of the Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Taurice Moore, proceeding pro se, sued corrections officers and medical staff at Sing Sing Correctional Facility ("Sing Sing") under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs and unsafe conditions of confinement in violation of the Eighth Amendment. Moore alleged that, although he advised the medical staff that he suffered from a seizure disorder, he was not issued a bunk bed pass directing that he should be assigned to a bottom bunk. He was assigned to a top bunk, from which he fell after suffering a seizure. Moore also alleged that, notwithstanding his seizure disorder, he was assigned to a work detail that included the use of a ladder, from which he also fell. The district court granted summary judgment in favor of Appellees, and Moore appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(a)). However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion. *See* Fed R. Civ. P. 56(e); *Yin Jing Gan v. City of New York*, 996 F.2d 522, 532-33 (2d Cir. 1993).

We review denials of leave to amend for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

**I.     Deliberate Indifference Claim**

"To establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and brackets omitted). "[N]egligence, even if it constitutes medical malpractice, does not, without more, engender a constitutional claim." *Id.* at 703. Deliberate indifference has objective and subjective components: "First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." *Id.* at 702 (internal quotation marks and citation omitted). To satisfy the subjective component, a plaintiff must establish the equivalent of criminal recklessness, i.e., "that the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

Here, Moore failed to establish the subjective component of a deliberate indifference claim because he did not present evidence to show that the medical staff's failure to issue a bunk bed pass amounted to recklessness. Although we conclude that there was a genuine dispute of fact as to whether Moore told physician assistant Pokum Kwan about his seizure disorder when he first arrived at Sing Sing, there is no dispute that Kwan's actions, even assuming that Moore intimated his disorder to Kwan as he claims to have done, did not rise to the level of recklessness. Kwan's actions were, at most, negligent. "Whether a course of treatment was the product of sound

3

medical judgment, negligence, or deliberate indifference depends on the facts of the case." *Chance*, 143 F.3d at 703. Moore testified that he told Kwan of his seizures but did not testify that he told her he still suffered from seizures despite medication or that he specifically requested a lower bunk pass from Kwan. Thus, he failed to offer evidence that Kwan knew of a substantial risk that he would suffer a seizure despite being on anti-seizure medication or to establish that she was deliberately indifferent. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

## II. Conditions of Confinement Claim

To state an unsafe conditions of confinement claim, "the plaintiff must demonstrate that he is incarcerated under conditions posing a substantial risk of serious harm. . . . [and] that the defendant prison officials possessed sufficient culpable intent." *Hayes v. NYC Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996). A prison official possesses "culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Id.*

Moore has failed to establish either element. First, the summary judgment evidence showed that Moore's use of the step-ladder did not pose a substantial risk of serious harm to him. The ladder required no safety equipment to use and no inmate, including Moore, had previously fallen off the ladder. And the ladder was found to be in good, working condition after the fall. Further, Moore had no contusions or palpable tenderness, and x-rays revealed that he sustained no injuries as a result of the fall.

4

Second, the officers who supervised Moore at work did not possess the requisite culpable mental state. The summary judgment evidence showed that they were unaware of any work limitations caused by Moore's seizure disorder and that Moore did not have a "permit" outlining any work restrictions in his file. And Moore never experienced any seizures or seizure signs while working under their supervision.

### III.    Leave to Amend

Moore argues that the district court should have sua sponte granted him leave to amend his complaint a second time to plead a cognizable deliberate indifference claim. But Moore failed to request leave in the district court and may not make this argument for the first time on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) ("In general[,] we refrain from passing on issues not raised below.").

We have considered all of Moore's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5