[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12918
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-03673-SDG


CURTIS LEE SMITH,

Plaintiff - Appellant,


versus


WARDEN WOOD,
individually and in his official capacity as warden
of the United States Penitentiary Atlanta ("USP ATLANTA"),
V. MORENO,
individually and in his official capacity as current assistance
warden at USP-ATLANTA,
DAWSON,
individually and in his official capacity as Correctional officer
at USP-ATLANTA,
HILL,
individually and in his official capacity as a Correctional
Officer-Food Supervisor at USP-ATLANTA,
JONES,
individually and in her official capacity as Correctional
Officer- Trust Fund Commissary Supervisor at USP-ATLANTA, et al.,

Defendants - Appellees,

WARDEN HARMON, et al.,

                                                            Defendants.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia

—————————————

(September 29, 2021)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Curtis Smith, a *pro se* prisoner currently in federal custody, appeals the district court's *sua sponte* dismissal of his *Bivens* action for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). *See generally Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In dismissing Mr. Smith's complaint, the district court described him as an "overly litigious fellow" with a "penchant for making frequent filings." D.E. 24 at 2.

Mr. Smith attempted to sue at least 12 persons for 10 unrelated claims—including alleged First Amendment violations, due process violations, and Eighth Amendment violations. On appeal, he challenges only the dismissal of his Eighth Amendment claims. We affirm, for reasons discussed below.

**I**

2

The defendants named in Mr. Smith's complaint included Federal Bureau of Prisons ("BOP") Central Office Pharmacist Carmen Galindo; Central Office Physician Angel Ortiz; and 10 employees of the United States Penitentiary in Atlanta, Georgia, ranging from administrative employees to current and former wardens and even a food supervisor. Mr. Smith's complaint detailed several events that allegedly occurred while he was incarcerated at USP-Atlanta.[1]

As relevant here, Mr. Smith alleged that, in 2016, Ms. Galindo, the BOP Central Office Pharmacist, and Dr. Ortiz, the BOP Central Office Physician, discontinued his Neurontin medication without his permission and prescribed him ineffective substitute medications before eventually placing him back on Neurontin about two years later. He also alleged that, in 2018, a correctional officer known as "Officer Dawson" ordered him to move to an upper middle bunk bed despite his medical restriction sheet which stated he could not climb or use ladders. Mr. Smith further alleged that, as a result, he fell from the bunk ladder and suffered injuries, including a fractured bone in his right elbow.

On appeal, Mr. Smith argues that the district court erred in dismissing his complaint for failure to state a claim. First, he argues that he was denied constitutionally adequate medical treatment for two years when he was switched

---

[1] Based on his filings in this Court, Mr. Smith appears to have since been transferred to FCI-Texarkana, in Texas.

3

from Neurontin to other ineffective medications.  He argues that Ms. Galindo and Dr. Ortiz also ordered their subordinates to prescribe constitutionally ineffective medicine.  Second, he argues that by ignoring his bottom-bunk pass and disregarding his medical restriction sheet, Officer Dawson caused a wanton infliction of injuries resulting from his placement in an upper middle bunk bed.

## II

We review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim.  *See Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).  In reviewing dismissals under § 1915A(b)(1), we accept the allegations in the complaint as true and apply the standards of Fed. R. Civ. P. 12(b)(6).  *See id.* at 1278-79.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[N]aked assertion[s] devoid of further factual enhancement" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted and second alteration in original).

We liberally construe *pro se* filings, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading

4

in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation marks omitted). As with counseled parties, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).

The Prison Litigation Reform Act includes several provisions—including § 1915(e)(2)(B)(ii) and § 1915A(b)—that enable district courts to *sua sponte* dismiss lawsuits for failure to state a claim. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020). The magistrate judge's report and recommendation relied on § 1915(e)(2)(B)(ii), which applies to in forma pauperis proceedings. The district court instead relied on § 1915A(b)(1) to dismiss Mr. Smith's complaint *sua sponte*.

The provision at issue here, § 1915A(b)(1), requires district courts to review civil complaints against government entities or their officers and to dismiss the complaint if it "fails to state a claim upon which relief may be granted." A *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that this rule does not apply to counseled plaintiffs who never sought leave to amend). But leave to amend need

not be granted when amendment would be futile. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

In *Bivens*, the Supreme Court held that injured plaintiffs can sue federal officers for damages arising from violations of constitutional rights. *See Bivens*, 403 U.S. at 389. "*Bivens* actions are brought directly under the Constitution, without a statute providing a right of action." *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004).

### III

Mr. Smith appeals the district court's dismissal of only two of his Eighth Amendment claims: (1) the replacement of his Neurontin medication for about two years; and (2) Officer Dawson's order that he move to an upper middle bunk despite his medical restrictions. He has therefore abandoned all the other claims in his complaint by failing to raise them on appeal. *See Timson*, 518 F.3d at 874.

With respect to the claims he challenges on appeal, Mr. Smith argues that the prison officials violated his Eighth Amendment protections against cruel and unusual punishments. *See* U.S. Const. amend. VIII.

### A

"[T]he Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display deliberate indifference to serious medical needs of prisoners." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257,

1265 (11th Cir. 2020) (quotation marks omitted).  Generally, "when a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989).  A difference of opinion concerning the proper diagnosis or course of treatment is insufficient to support a claim of deliberate indifference, even if it amounts to medical malpractice.  *See Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Waldrop*, 871 F.2d at 1033.  Nevertheless, an inmate's medical treatment may constitute deliberate indifference if it involves "grossly incompetent medical care or choice of an easier but less efficacious course of treatment."  *Waldrop*, 871 F.2d at 1035.

A plaintiff seeking to show that a prison official acted with deliberate indifference first must show that he had an objectively serious medical need—that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation marks omitted).  And there must be a "substantial risk of serious harm" if the condition is not treated.  *Id.* (internal quotation marks omitted).

The plaintiff also must prove that the defendant acted with deliberate indifference to the serious medical need.  *See id.*  To establish deliberate indifference, the defendant must have had subjective knowledge of a risk of serious harm and he must have disregarded the risk. *See Townsend v. Jefferson Cty.*, 601

7

F.3d 1152, 1158 (11th Cir. 2010); *Melton v. Abston*, 841 F.3d 1207, 1223 (11th Cir. 2016).  He also must have engaged in conduct that is the equivalent of recklessly disregarding the risk.  *See Farmer v. Brennan*, 511 U.S. 825, 836, 839 (1994) (stating that deliberate indifference to a substantial risk of serious harm "is the equivalent of recklessly disregarding that risk," and later clarifying that this subjective component of test refers to criminal recklessness) (quoting Model Penal Code § 2.02(2)(c)).  We have conflicting cases that describe this element as exceeding gross negligence or as exceeding mere negligence.[2]  Fortunately, we need not resolve the inconsistency in our case law (nor the fact that the third prong of our deliberate indifference test is somewhat redundant with the first) because one thing is clear:  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  *See also Townsend*, 601 F.3d at 1158 (stating the same)*; Melton*, 841 F.3d at 1223 (same)*.*  Mr. Smith has not satisfied that burden here, so we need not reach

---

[2] *See Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (treating deliberate indifference as requiring a higher mens rea than gross negligence); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) (characterizing deliberate indifference test as requiring conduct "that is more than mere negligence"); *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000) (deliberate indifference requires *much* more than mere negligence) (emphasis added); *Townsend*, 601 F.3d 1152, 1158 (11th Cir. 2010) (rejecting "more than mere negligence" standard from *McElligott* and citing *Cottrell* for principle that "a claim of deliberate indifference requires proof of more than gross negligence"); *Melton*, 841 F.3d at 1223 n.2 (11th Cir. 2016) (stating culpability requirement as more than mere negligence, rejecting *Townsend*'s holding that a claim of deliberate indifference requires more than gross negligence, and noting that "the phrase 'more than gross negligence'" is not found in either *Cottrell* or *Farmer*").

the third prong, whatever it is. We agree with the district court that Mr. Smith failed to state a claim against Ms. Galindo and Dr. Ortiz for deliberate indifference to a serious medical need.

As for the serious-harm requirement, Mr. Smith asserts that Ms. Galindo and Dr. Ortiz caused him a risk of serious harm when they replaced his Neurontin with various substitute medications before placing him back on Neurontin. Mr. Smith alleged in his complaint that the replacements for Neurontin caused him chronic pain and suffering. He attached to his complaint an email he sent to Health Services stating that the shooting nerve pain in his legs and feet was making it difficult for him to walk and that the shooting nerve pain in his arms and hands was causing him great discomfort. *See* D.E. 1, Exh. 4. Even if we assume without deciding that Mr. Smith's pain satisfied the serious-harm requirement, *cf. Farrow*, 320 F.3d at 1244-45 (serious harm where, due to delay, defendant had no teeth, bleeding gums, and could only eat soft food), this claim fails because Mr. Smith has not shown that either defendant was subjectively aware of the alleged risk that would come from replacing Neurontin with another medication. He therefore has not demonstrated that Ms. Galindo and Dr. Ortiz acted with deliberate indifference to his medical needs; Ms. Galindo and Dr. Ortiz used their judgment to determine whether a replacement medication would better serve Mr. Smith's needs and, when they found none, they placed Mr. Smith back on Neurontin. *See Thigpen*, 941 F.2d at 1505 ("[A] simple

difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment."). These allegations do not rise to the level of cruel and unusual punishment, and the district court therefore did not err in dismissing the Eighth Amendment claim.

**B**

Eighth Amendment challenges to conditions of confinement are likewise subject to a two-part analysis. *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). The "objective component" requires a prisoner to prove the condition that he complains of is "sufficiently serious" to violate the Eighth Amendment, meaning that, at the very least, it presents an unreasonable risk of serious damage to his or her future health or safety. *Id.* The risk must be "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis omitted). The "subjective component" of the analysis requires the prisoner to show that the defendant prison officials acted with a culpable state of mind, judged under the "deliberate indifference" standard. *See Chandler*, 379 F.3d at 1289. "Negligence does not suffice to satisfy this standard, but a prisoner need not show that the prison official acted with the very purpose of causing harm or with knowledge that harm [would] result." *Id.* (quotations and citations omitted, alteration in original).

10

We likewise affirm the dismissal of Mr. Smith's claim against Officer Dawson. We have previously held, in an unpublished opinion, that an inmate who was transferred from a bottom bunk to a top bunk did not sufficiently plead deliberate indifference, even though he had a medical profile requiring him to sleep on the bottom bunk. *See Burley v. Upton*, 257 F. App'x 207, 208-10 (11th Cir. 2007) (affirming grant of summary judgment against the inmate). And several of our sister circuits have reached the same conclusion on similar facts. *See, e.g., Bowman v. Mazur*, 435 F. App'x 82, 83-84 (3d Cir. 2011) (affirming grant of summary judgment to defendants who were accused of ignoring fact that inmate was medically entitled to a bottom bunk); *Moore v. Kwan*, 683 F. App'x 24, 25-27 (2d Cir. 2017) (affirming summary judgment in favor of medical staff after concluding they did not act with deliberate indifference in refusing to give a bottom-bunk pass to an inmate diagnosed with a seizure disorder). *Cf. Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017) (affirming grant of summary judgment to prison guard and warden who were unaware of inmate's lower-bunk assignment and who would not have discovered a lower-bunk directive in the SENTRY database).

We find these cases persuasive. The district court therefore did not err in dismissing Mr. Smith's claim against Officer Dawson. Although Officer Dawson's conduct may have been negligent, Mr. Smith has failed to demonstrate culpability that meets the more stringent standard required for an Eighth Amendment claim.

11

## IV

We affirm the district court's dismissal of Mr. Smith's complaint for failure to state a claim.

**AFFIRMED.**