23-7521-pr
*Goode v. Cook*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand twenty-five.

Present:

> EUNICE C. LEE,
> MARIA ARUAÚJO KAHN,
> *Circuit Judges*,
> MARGARET M. GARNETT,
> *District Judge.*<sup>*</sup>

---

JASON GOODE,

      *Plaintiff-Appellant*,

      v.                                                                    No. 23-7521-pr

ROLLIN COOK, SCOTT SEMPLE, WILLIAM MURPHY, ELLEN DURKO, KRISTINE BARONE, GIULIANA MUDANO, ANGEL QUIROS, DAVID MAIGA, ANDREA REISCHERL,

      *Defendants-Appellees*.<sup>**</sup>

---

<sup>*</sup> Judge Margaret M. Garnett, of the United States District Court for the Southern District of New York, sitting by designation.

<sup>**</sup> The Clerk's Office is respectfully directed to amend the case caption accordingly.

For Plaintiff-Appellant:                    REGINA WANG (Brian Wolfman, Natasha R. Khan, Elijah Conley, Student Counsel, Meghan Plambeck, Student Counsel, Max Van Zile, Student Counsel, *on the brief*), Georgetown Law Appellate Courts Immersion Clinic, Washington, DC.

For Defendants-Appellees:                    EDWARD ROWLEY, Assistant Attorney General, *for* William Tong, Attorney General, Hartford, CT.

Appeal from a May 22, 2023 judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jason Goode, an incarcerated individual, appeals the district court's order granting Defendants-Appellees' motion for summary judgment on his § 1983 Eighth Amendment claims. Goode sued several current and former officials and staff members (collectively, "Defendants") at two Connecticut Department of Corrections ("DOC") facilities, Northern Correctional Institution ("Northern") and MacDougall Walker Correctional Institution ("MWCI").[1] Goode alleges that his conditions of confinement in administrative segregation ("AS") at Northern and MWCI violated the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, Goode alleges separate violations of the Eighth Amendment

---

[1] Goode later moved to withdraw his claims against five DOC officials: Rollin Cook, Scott Semple, William Murphy, Angel Quiros, and David Maiga. The district court dismissed them from the case.

2

based on the risk to his mental health resulting from his prolonged solitary confinement and his receipt of allegedly inadequate medical care.

## BACKGROUND

The AS solitary confinement program involves three phases that an incarcerated person progresses through if he or she successfully completes specific program components in accordance with unit policy. Goode, whose initial placement in AS was the result of his assault on a Northern staff member, did not successfully progress through the three-phase program, primarily remaining in the most restrictive AS phase, Phase I, from January 2019 to December 2023.[2] Between January 2019 and June 2021, Goode was housed at both Northern and MWCI. While Goode was in AS, he was visited by mental health professionals, including Defendant Nurse Andrea Reischerl ("Nurse Reischerl"), who evaluated Goode's mental health and classified his November 2019 mental health status as a 3, which constituted a "[m]ild or moderate mental health disorder (or severe mental disorder under good control)." Joint App'x at 417. Goode's placement in Northern's AS was also under review by its AS classification committee, on which Northern's Warden, Defendant Giuliana Mudano ("Warden Mudano"), served. Northern's AS classification committee met monthly to assess whether individuals in AS should be moved to less restrictive placement. Similarly, Goode's AS classification at MWCI was also under review by its classification committee, which met approximately once a month to discuss mental health

---

[2] In AS Phase I, Goode was housed in a single cell with two bunks, purchased items from the prison commissary, accessed audio and visual materials via a tablet, and, when he was not on punitive segregation, received regular non-contact social visits and legal calls. Goode was also permitted one hour of recreation per day for five days per week, and after June 2021, he was permitted four hours of out-of-cell time, including one hour of recreation daily to socialize with other prisoners.

3

concerns, individual classifications, and conditions of confinement, and on which MWCI's warden, Defendant Kristine Barone ("Warden Barone"), served. When Goode requested to be removed from AS at Northern in June 2019 due to his conditions of confinement, Warden Mudano denied his request and asked him "to remain disciplinary free and complete the phases of the [AS] program." Joint App'x at 402.

Upon Northern's closure in 2021, Goode was transferred to solitary confinement at MWCI, where he would remain until December 2023. Goode alleges that at MWCI, unlike Northern, he had no way to immediately communicate with prison staff because the intercom button in his cell was disabled and that he was frequently denied his entitled hours of out-of-cell time.

In February 2020, Goode, through counsel, filed a complaint alleging Eighth and Fourteenth Amendment violations against the Defendants under 42 U.S.C. § 1983.

The Defendants moved for summary judgment in November 2022, arguing, as relevant here, that Goode could not establish the personal involvement of Warden Barone, Warden Mudano, and Nurse Reischerl. Although Wardens Mudano and Barone were, respectively, employed at MWCI and Northern while Goode was in solitary confinement, the Defendants contended that Wardens Barone and Mudano had retired by the time of the summary judgment motion, and Goode therefore could not establish their personal involvement in his confinement after their retirement. The Defendants also argued that because Nurse Reischerl was not a member of Northern's AS review committee, she was not personally involved in the decision to place or maintain Goode in solitary confinement at Northern. Moreover, the Defendants argued that Goode could not establish the subjective and objective elements of an Eighth Amendment violation because Goode's "conditions of confinement did not deprive him of any basic human

4

need, nor did such conditions otherwise expose him to a substantial risk of serious harm." Joint App'x at 41.

By the time of the summary judgment motion, Goode was proceeding *pro se* and asserted in his opposition that his prolonged solitary confinement for "more than two thousand one hundred and ninety days . . . is within the ambit of constitutional scrutiny" and that "Defendants' . . . testimony establishes their personal involvement." Goode's Opposition to Defendants' Motion for Summary Judgment at 8, 11. Goode maintained that it is not only the case "that [his] segregat[ion] in solitary confinement . . . must be reviewed by the contemporary standards of decency; rather, it['s] the substantial risk of future harm to [his] health posed by prolonged solitary confinement," which he argued was obvious to the Defendants. *Id*. at 8–19.

The district court concluded that Goode failed to establish the personal involvement of Nurse Reischerl because she was not a member of the classification committees and did not have control over custody decisions. By contrast, the district court determined that Wardens Mudano and Barone had sufficient personal involvement because they were members of their respective classification review committees, which were responsible for AS placement decisions. Accordingly, the district court granted summary judgment to Nurse Reischerl and denied summary judgment as to Wardens Mudano and Barone with regard to the specific issue of personal involvement.[3]

---

[3] On appeal, Goode does not challenge the district court's finding that he failed to show the personal involvement of Reischerl as to his conditions of confinement claim. Instead, Goode argues that the district court erred in finding that Nurse Reischerl was not personally involved in violating his Eighth Amendment right as it pertains to his medical needs claim. As we explain below, because Goode cannot raise a separate and distinct Eighth Amendment claim based on deliberate indifference to medical needs for the first time on appeal, we consider this argument forfeited. In addition, the district court granted summary judgment

However, as to the merits of Goode's Eighth Amendment claim against Wardens Barone and Mudano, the district court granted summary judgment in favor of the Defendants, concluding that "on this record," Goode failed to establish the objective element because he was not "incarcerated under a condition or a combination of conditions that resulted in a 'sufficiently serious' deprivation of a life necessity or human need or posed a substantial risk of harm to his health or safety." Joint App'x at 42–43. The district court found that the record was full of evidence that Goode's conditions of confinement did not violate the Eighth Amendment, including the fact that the "[d]efendants did not deprive him of food, clothing, and the ability to exercise," and that mental health and medical visits had "occurred." *Id.* at 43–44. Goode, with counsel, timely appealed.

We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

## DISCUSSION

Summary judgment is appropriate only if, after resolving all ambiguities and drawing all inferences against the moving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Garcia v. Hartford Police Dep't,* 706 F.3d 120, 126 (2d Cir. 2013) (per curiam).

### I. Solitary Confinement

Goode argues that his conditions of confinement, specifically his prolonged solitary confinement that allegedly worsened his mental health, constitutes an Eighth Amendment

---

as to Defendant Nurse Ellen Durko because Goode failed to allege facts to support Nurse Durko's personal involvement. On appeal, Goode does not raise any issue as to Nurse Durko.

6

violation.  To prevail on an Eighth Amendment claim based on conditions of confinement, an incarcerated person must satisfy objective and subjective inquiries.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The objective inquiry asks whether the incarcerated individual was confined "under conditions posing a substantial risk of serious harm."  *Id*.  The subjective inquiry then asks whether officials exhibited deliberate indifference to the incarcerated individual's health or safety.  *Id*.

### A.  Objective Inquiry

Goode argues that he has met the objective prong of his conditions of confinement claim because his prolonged placement in solitary confinement violated contemporary standards of decency and posed an objectively unreasonable risk to his current and future mental health. Under the Eighth Amendment, prison officials may not expose prisoners to conditions that "pose an unreasonable risk of serious damage to [their] future health" or "violate[] contemporary standards of decency."  *Helling v. McKinney*, 509 U.S. 25, 35–36 (1993).  Upon review, we find that the record is insufficient to establish that Goode's purported mental health deterioration was caused by or exacerbated by his specific conditions in AS.  Nevertheless, even assuming that a more thorough record would enable Goode to satisfy the objective prong, Goode assuredly has failed to satisfy the subjective prong of the Eighth Amendment claim, as discussed below.

### B.  Subjective Inquiry

To satisfy the subjective prong, Goode must show that prison officials exhibited deliberate indifference by knowing of and disregarding the existence of a substantial risk to his health or safety.  *See Farmer*, 511 U.S. at 837.  That is, "[t]he charged official must be subjectively aware that his [or her] conduct creates such a risk."  *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir.

7

2006). "Evidence that a risk was obvious or otherwise must have been known to a defendant may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted). But "the plaintiff must show that the defendant acted with 'more than mere negligence.'" *Id*. (quoting *Farmer*, 511 U.S. at 835).

Goode argues that Wardens Mudano and Barone's positions on their respective review committees were sufficient for them to know that there was a risk to his mental health, and that they knowingly disregarded said risk. We acknowledge that Warden Mudano's membership on the AS classification committee gave her access to Goode's "institutional records." Joint App'x at 63. We also recognize that Goode wrote to Warden Mudano via an Inmate Request Form complaining about the harsh conditions of AS, to which she responded that she would "not recommend [his] removal." Joint App'x at 402. However, Goode's corresponding response to the Defendants' Statement of Material Facts concedes that the mental health staff who actually examined him did not raise concerns about his mental health to members of the classification review committees, including Wardens Barone and Mudano. *See* Joint App'x at 63, 66; Pl's Statement of Material Facts ¶ 81 (admitting that "[a]t no point during any of the committee's reviews of [Goode's] confinement on AS at Northern while defendant Mudano served as Warden, were any concerns raised by mental health staff regarding the [P]laintiff's mental health, or that any of his conditions of confinement posed a substantial risk of serious harm to his health or safety"); *id*. ¶ 97 (admitting the same as to Warden Barone). Therefore, in light of these concessions, Goode has failed to establish that Wardens Barone and Mudano knew about any substantial risk of harm to his health or safety. *See Brock v. Wright*, 315 F.3d 158, 164 (2d Cir.

8

2003) (finding that nonmedical official's deference to medical professionals concerning prisoner's condition and treatment does not constitute deliberate indifference).

Goode's additional argument that the Wardens should have inferred the substantial risk to his health based on existing literature and case law falls short of establishing personal knowledge of that risk. *See Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020) (explaining that it is insufficient for a plaintiff to show what a prison official should have known, but rather a plaintiff must show that the prison official personally knew of and disregarded "an excessive risk to [an incarcerated individual's] health or safety"). "At most, [Goode's] contention that [Wardens Mudano and Barone] should not have deferred to [the mental health staff on the review committee] amounts to an allegation of negligence. But negligence is not deliberate indifference." *Brock*, 315 F.3d at 164. Accordingly, Goode has failed to establish an Eighth Amendment violation on this basis.

## II. Inadequate Medical Care

Goode did not explicitly raise a claim of inadequate medical care below. Despite this failure, Goode argues that he sufficiently presented this claim in the district court, through his counseled complaint and in his *pro se* opposition to summary judgment, by relying on the facts relevant to such a claim. We disagree.

Goode's complaint and opposition to summary judgment are focused on his conditions of confinement, not inadequate medical care. *See* Pl's. Compl. at 12. While a medical needs claim and conditions of confinement claim are surely related, the Supreme Court and our Court have treated them as distinct rights. *See Estelle v. Gamble*, 429 U.S. 97, 107–08 (1976) (dismissing a medical needs claim and permitting a conditions of confinement claim to proceed); *McFadden v.*

9

*Noeth*, 827 F. App'x 20, 26–29 (2d Cir. 2020) (summary order) (separately evaluating an Eighth Amendment inadequate medical treatment claim and a conditions of confinement claim); *Moore v. Kwan*, 683 F. App'x 24, 26 (2d Cir. 2017) (summary order) (observing that an inadequate medical care claim and a conditions of confinement claim are two distinct claims). Because Goode was represented at the time of filing the complaint, we do not need to liberally construe his complaint or interpret it to raise the strongest arguments that it suggests. *See cf. Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (explaining that we liberally construe the submissions of litigants proceeding *pro se*). Accordingly, this argument has been forfeited. *See Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1078 (2d Cir. 2021) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (quoting *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008))).

Even assuming that Goode's argument was not forfeited, his argument fails on the merits. In order to establish an Eighth Amendment claim arising out of inadequate medical care, an incarcerated individual must prove "deliberate indifference to [his] serious medical needs." *Gamble*, 429 U.S. at 104. The medical need is considered "serious" where the denial of treatment "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (internal quotation marks omitted). Given that Goode failed to provide sufficient evidence to refute the Defendants' expert's medical opinion that he received "mental health services appropriate for his level of clinical need," Joint App'x at 273, Goode cannot withstand summary judgment on his inadequate medical care claim.

\*     \*     \*

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11